**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-CR-00146 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DAVID CRABTREE JR., | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (DOC. NO. 74)**

This case is before the Court on the Motion for Compassionate Release (Doc. No. 74) (the "Motion"), filed by David Crabtree Jr. ("Crabtree"). Crabtree is currently incarcerated at United States Penitentiary Allenwood ("USP Allenwood") in Pennsylvania. He asks the Court for a compassionate release from his term of imprisonment. Specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. 3582. (Doc. No. 77 at PageID 258.) For the reasons discussed below, the Court **DENIES** Crabtree's Motion.

## I.  BACKGROUND

On September 14, 2017, the United States of America (the "Government") filed a one count indictment against Crabtree, charging him with violating 21 U.S.C. § 841(a)(1). (Doc. No. 7.) Specifically, Crabtree was charged with knowingly and intentionally possessing with intent to distribute and distributing a mixture or substance containing a detectable amount of heroin and a mixture or substance containing a detectable amount of methamphetamine. (*Id.*)

On November 16, 2017, pursuant to a plea agreement, Crabtree pled guilty to the offense in the Information. (Doc. No. 42). The Statement of Facts attached to the Plea Agreement, signed

1

by Crabtree and his attorney states:

> Between February 2017 and June 2017, Richard Smith, Chasity Gillenwater, and defendant David Crabtree Jr. worked together to obtain and then redistribute bulk quantities of methamphetamine in southern Ohio. Throughout this time, Smith arranged for Gillenwater to pick up methamphetamine from Montgomery County, Ohio and then deliver it to Crabtree in or around Pike County, Ohio. David Crabtree, in turn, resold to other people the methamphetamine that he received from Gillenwater and Smith. In total, the trio bought and resold over 50 grams of a mixture or substance containing a detectable amount of methamphetamine.

(Doc. No. 42, PageID 100.)

The Final Presentence Investigation Report ("PSI") regarding Crabtree provided additional information about the circumstances of the offense and identified eight prior adult criminal conviction and other minor convictions. (PSI ¶¶ 49-56.) Crabtree's criminal history includes convictions for breaking and entering; no operator's license; aggravated menacing; domestic violence; domestic violence; attempted felonious assault and attempted discharge of a firearm into a habitation; failure to comply; and, no operator's license. (*Id*.) The PSI further indicates he suffers from ADHD, oppositional defiant disorder, borderline personality disorder, antisocial disorder, and persistent depressive disorder. (*Id*. at ¶¶ 73-75.)

On February 9, 2018, the Court sentenced Crabtree to an 80-month term of incarceration, four years of supervised release, and a $100 special assessment. (Doc. No. 57.) Crabtree is currently 29 years old and has an anticipated release date of September 16, 2023. (See FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited October 28, 2021)).

Crabtree filed the instant Motion on December 15, 2020. (Doc. No. 74.) Crabtree's counsel filed a supplemental motion for compassionate release on October 12, 2021. (Doc. No. 77.) The United States did not file a response. This matter is ripe for review and decision.[1]

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582

## II.  ANALYSIS

### A.  Legal Standards

A district court has limited authority to modify a sentence.  *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted).   "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).  Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants such authority in certain limited circumstances.  It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements.  *United States v. Jones*, 980 F.3d 1098,

---

to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").
.

1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps" and finds that all three substantive requirements are met. *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since

---

[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

4

the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11.

However, there still are limits on the district court's discretion beyond Congress's single instruction. "Although the statute does not define 'extraordinary and compelling,' those words still have their ordinary meaning at the time Congress enacted the statute." *United States v. Hunter*, No. 21-1275, --- F.4th ---, 2021 U.S. App. LEXIS 26115, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (internal quotation marks omitted). "'Extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* (quoting Webster's Third New International Dictionary: Unabridged 807 (1971)). "'Compelling' meant 'forcing, impelling, driving.'" *Id.* Additionally, "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." *Id.* And, "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Id.* at *4, 9 (at step one, the district court erred by considering the defendant's age when he committed the murder and his co-defendants' sentences in analyzing whether "extraordinary and compelling reasons" existed to warrant a sentence reduction). The first step "focuses on post-sentencing factual developments." *Id.* at *9.

---

[4] A district court "may look to § 1B1.13" if it wants to do so "as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," but "may not proceed as though § 1B1.13 *constrains* its analysis of what constitutes extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2001) (emphasis in original).

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980 F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* Thus, U.S.S.G. § 1B1.13 currently is <u>not</u> an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed--
>>
>>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>>
>>> (B) to afford adequate deterrence to criminal conduct;
>>>
>>> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are the

type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal

7

convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09; *Hunter*, 2021 WL at *9 (in balancing the § 3553(a) factors, a district court is permitted, but not required, to consider non-retroactive changes in the law). Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may

reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

**B. <u>Application</u>**

Crabtree asks that the Court grant the Motion for compassionate release. (Doc. No. 74 at PageID 251.) Crabtree states a litany of reasons why he believes he should be granted a compassionate release. First, Crabtree states that his son has a condition called SMA, which the Court takes to mean Spinal Muscular Atrophy. (*Id*.) As a result of this illness, Crabtree states that his son is at increased risk from COVID-19 and that his wife needs help caring for the child. (*Id*.) Second, Crabtree states that he has been attacked in prison, which has caused him to be moved to segregated housing for several months. (*Id*. at PageID 252.) Finally, Crabtree states that he is in need of mental health treatment and his mental health has been adversely affected by the circumstances of his housing and his ability to help his son. (*Id*. at PageID 252-53.)

Crabtree's counsel filed a Supplemental Motion for Compassionate Release ("Supplemental Motion") and identified four grounds for release: (1) "'my three year old son has a life threatening illness'"; (2) "'BOP does not let me hold or touch my child'"; (3) "'Several fighting shots'"; (4) "'Segregated house is 24 hour lockdown an [sic] part of my mental health disorder.'" (Doc. No. 77 at PageID 258-59.) The Supplemental Motion states that "[n]one of the listed ground for compassionate release meet the definition of 'Extraordinary and Compelling Reasons' to grant the motion." (*Id*. at PageID 259.)

1. <u>Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)</u>

The Court now turns to Crabtree's request for compassionate release through a reduction of his term of imprisonment pursuant to Section 3582(c)(1)(A)(i). *See* Doc. No. 77.

9

Step one requires the Court to determine whether extraordinary and compelling reasons warrant a sentence reduction.[5]  *Jones*, 980 F.3d at 1107-08.  Regarding step one, for the purposes of the Court's analysis, the Court will <u>assume</u>—without deciding—that Crabtree has demonstrated that his stated familial situation and his mental conditions present an extraordinary and compelling reason for reducing the term of imprisonment.[6]  Regarding step two, given that Crabtree (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision.  *Jones*, 980 F.3d at 1111.

Even assuming Crabtree's situation establishes an "extraordinary and compelling reason," step three would still weigh against his release.  The third step requires: consideration of any applicable Section 3553(a) factors and a determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case.  *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable.  18 U.S.C. § 3582(c)(1)(A)(i).  This includes that the Court considered Crabtree's history and characteristics, such as his asserted behavior in prison and rehabilitation efforts.  *See* 18 U.S.C. § 3553(a)(1).  Crabtree has also accepted responsibility for his actions.

---

[5] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

[6] The Court emphasizes it has <u>not</u> actually found that any circumstance (separately or combined) alleged by Crabtree qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i).  As shown herein, the Court need not actually conduct that analysis to decide the Motion.  *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). The offense for which Crabtree is currently incarcerated involved large quantities of methamphetamine and heroin. Doc. No. 42, PageID 100. Methamphetamine and heroin are dangerous, and potentially lethal, controlled substance. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Saldana*, No. 1:17-CR-271-1, 2018 U.S. Dist. LEXIS 110790, at *12 (W.D. Mich. 2018) ("[M]ethamphetamine is a dangerous drug"); *United States v. Bishop*, No. 6:09-CR-40-GFVT-HAI, 2019 U.S. Dist. LEXIS 97907, at *12, 2019 WL 2427964 (E.D. Ky. May 9, 2019) ("Methamphetamine is a dangerous drug"); *United States v. Morales-Medina,* 2021 U.S. Dist. LEXIS 90270, at *16 (S.D. Ohio 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, 2021 U.S. Dist. LEXIS 66214, at *14 (S.D. Ohio 2021) (Finding heroin is a "dangerous, potentially lethal, controlled substances"). This weighs strongly against a sentence reduction. *See United States v. Brown*, 828 F. App'x 256, 257 (6th Cir. 2020) (finding heroin dealers to be "dangerous contributors to the opioid epidemic").

Additionally, Crabtree's criminal history includes prior convictions for breaking and entering; no operator's license; aggravated menacing; domestic violence; domestic violence; attempted felonious assault and attempted discharging a firearm into a habitation; failure to comply; and, no operator's license. (PSI ¶¶ 49-56.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted and the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence— counsel against compassionate release …").

### III.    <u>CONCLUSION</u>

The circumstances relevant to Crabtree's incarceration do not warrant a reduction of the term of imprisonment pursuant to Section 3582(c)(1)(A).  For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 74).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 29, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE